■ In the Matter of the Claim of WILLIAM MANLEY, Respondent, v. NATIONAL ANILINE DIVISION OF ALLIED CHEMICAL CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed December

19, 1968. The board found " that the claimant has a continuing causally related disability attributable to the causally related tumor of the bladder which previously was found to be an occupational disease and because of which the claimant is industrially unemployable". Respondent had been employed as a lead burner for more than 22 years by appellant, a chemical and dye manufacturer. It has been established by a prior decision, filed July 29, 1964, that he sustained an occupational disease in the form of a bladder tumor, with disablement established as of March 6, 1964. Appellant has paid an award based thereon for five and one-half weeks of total disability, incurred during hospitalization for removal of the tumor. It now contends that respondent is not presently disabled as a result of either the tumor or the operation. The record discloses that respondent is confined to a nursing home, suffering from incontinence of the urinary tract. His attending physician and surgeon both opine that his present condition and disability are attributable to a staph infection of the urinary tract, causally related to both the tumor and the segmental resection that was performed to remove it. Although contradictory testimony was given by appellant's urologist, the board could properly resolve the conflicting medical opinions in favor of respondent (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). The fact that claimant had retired does not preclude any award where there is a subsequent loss of wage earning capacity which is due to claimant's disability rather than other causes. (*Matter of Yankoski* v. *Carborundum Co.,* 32 A D 2d 593.) An award may be made if it be established that claimant's disability was a contributing factor to reduced earnings (*Matter of Rigatti* v. *Lollo & Sons,* 31 A D 2d 871). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.